UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIO VARGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00952-JRS-MG |
| ) | |
| VENTURE TRANSPORTATION PARTNERS, ) | |
| LLC d/b/a VENTURE LOGISTICS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMNEDATION TO APPROVE CLASS ACTION SETTLEMENT**

Pending before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. [Filing No. 34.] The undersigned, having held a hearing on the matter, [Filing No. 35], and reviewed the record and settlement agreement, hereby **RECOMMENDS** that the Motion be **GRANTED**.

Plaintiff filed his Complaint on June 6, 2024, alleging that Defendant failed to protect the class's personally identifiable information despite alleged duties under state and federal law, impacting around 9,328 class members in a May 2023 data breach. [Filing No. 1.] The parties reported that they had reached a settlement agreement in April 2025, [Filing No. 27], and Plaintiff moved for preliminary approval of the class action settlement on April 29, 2025, [Filing No. 28.] The Class Action Settlement Agreement (the "Agreement") was preliminarily approved by the District Judge on May 15, 2025. [Filing 29.] On September 19, 2025, the undersigned held a fairness hearing on the Agreement, and Plaintiff filed the instant Motion. [Filing No. 34, 35.] Defendant does not oppose the motion.

1

Therefore, the undersigned makes the following recommendations:

1. The undersigned recommends the Court find the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment.

    All individuals who received notice from Venture that their information may have been compromised as a result of the May 2023 Data Breach on Venture.

    Excluded from the Settlement Class Member is believed to be under the age of eighteen (18), for all persons who fall under the definition of the Settlement Class Members, which Venture shall provide to the Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-Out Deadline.

2. Specifically, the undersigned recommends that the Court find that the requirements of Rule 23(a) and 23(b)(3) are met:

    a. The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members;

    b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members, such as whether Defendants breached any duty in failing to protect Class Members' data from unauthorized access.

    c. The claims of the Class Representative are typical of the claims of the Settlement Class as they arise from the Data Incident.

    d. The Class Representative and Class Counsel fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

    e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action in superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Incident are substantially the same for all Class Members.

3. The undersigned therefore recommends certification the Settlement Class, appoint of Plaintiff as the Class Representative, and appointment of Lynn A. Topps and Amina A.

Thomas of Cohen & Malad, LLP; Geard Stranch, IV of Stranch, Jennings & Garvey, PLLC; and Samuel J. Strauss and Raina C. Borrelli of Strauss & Borrelli LLP as Class Counsel.

4. The undersigned recommends the Court find that notice of the proposed Agreement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

5. The undersigned recommends the Court find that the terms of the Agreement represent a fair and reasonable compromise under the circumstances of this case. Specifically, the undersigned recommends the Court find that:

    a. the Plaintiff and Class Counsel have adequately represented the Settlement Class;

    b. the Settlement was negotiated at arm's length, through mediation facilitated by Mediator Jill Sperber;

    c. the relief provided for the Settlement Class is fair and reasonable, taking into account:

        i. the costs, risks, and delay of trial and appeal;
        ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;
        iii. the terms of the proposed award of attorney's fees, including timing of payment; and
        iv. any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and

    d. the Settlement treats Settlement Class Members equitably relative to each other, as the same relief is available to similarly situated Settlement Class Members.

6. The undersigned therefore recommends final approval of the Agreement and direction of the Parties to the Agreement to perform and satisfy the terms and conditions that are triggered by such final approval. Specifically, the undersigned recommends approval of the plan for payment of the Settlement Fund.

7. The undersigned further recommends that, upon occurrence of the Effective Date, the Class Representative and the Class Members, and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities ("Releasing Parties"), release and forever discharge the Defendant, Venture Transportation Partners LLC d/b/a Venture Logistics, and all of their respective past, present, and future employees, officers, directors, affiliates, shareholders (the "Releasees") from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the Data Incident, including the claims asserted or which could have been asserted in the Litigation ("Released Claims").

8. The undersigned recommends that upon the Effective Date: (a) the Agreement be the exclusive remedy for any and all Released Claims of the Releasing Parties; and (b) the Releasing Parties be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claims against the Releasees, whether on behalf of Class Representative, any Class Member, or others, in any jurisdiction.

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure. **IT IS SO RECOMMENDED**.

Date: 10/21/2025

_Mario Garcia_
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record